UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| 42 NORTH, LLC, | Case No. 1:20-cv-188 |
| Plaintiff, | Hon. |
| v | |
| BRAD DOUGLAS, LLC d/b/a BRAD DOUGLAS DESIGN and d/b/a BRAD DOUGLAS RESIDENTIAL DESIGN, BRAD TILMA, and MICHELLE FRANKS, | |
| Defendants, | |

Aaron M. Halvas (P63424)
HALVAS LAW FIRM, PLLC
Attorneys for Plaintiff
2153 Wealthy Street, S.E., Suite 244
East Grand Rapids MI  49506
(616) 295-6471
ahalvas@halvaslaw.com

## COMPLAINT AND JURY DEMAND

Plaintiff, 42 North, LLC (hereinafter, "42 North" or "Plaintiff") by its attorneys, Halvas Law Firm, PLLC, brings this Complaint against the Defendants, Brad Douglas, LLC d/b/a Brad Douglas Design and d/b/a Brad Douglas Residential Design (hereinafter "BD Design"), Brad Tilma (hereinafter "Tilma"), and Michelle Franks (hereinafter "Franks"), and states as follows:

### JURISDICTION AND VENUE

1.   This Complaint is brought pursuant to 17 U.S.C. § 101 *et seq.* (hereinafter referred to as the "Copyright Act" or "Title 17") and 17 U.S.C. § 1202 *et seq.* (hereinafter the "Digital Millennium Copyright Act" or "DMCA").

1

2. Subject matter and personal jurisdiction are vested in this Court pursuant to 28 U.S.C. § 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. § 1331 inasmuch as the claims set forth herein arise under the U.S. Copyright Act.

3. This Court has supplemental jurisdiction of any state law claims set forth herein pursuant to 28 U.S.C. § 1367(a).

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b) and (c) as each of the Defendants reside and/or maintain a principal place of business in this District as more fully set forth below.

5. Additionally, pursuant to the Contract for Architectural Services (hereinafter the "Agreement") between 42 North and Defendant Franks, those parties agreed that any legal action involving the transaction at issue be brought in State Court in Kent County, Michigan or in this Court and waived any objection to the jurisdiction of, and venue in, those courts. A copy of the Agreement is attached hereto as Exhibit 1, the terms of which are incorporated herein by reference. (*See* Ex. 1, Agreement, ¶ 7.9).

**PARTIES**

6. Plaintiff, 42 North is a Michigan limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Grand Rapids, Michigan. 42 North is wholly owned by one (1) member, Ryan La Haie, who is a Michigan resident.

7. Defendant, BD Design is a for-profit Michigan limited liability corporation with a principal office located at 8705 Carlisle Drive, Byron Center, MI, 49315. BD Design does business under assumed names "Brad Douglas Design" and "Brad Douglas Residential Design" both of which are registered with the State of Michigan. BD Design is in the business of creating,

publishing and licensing architectural plans and designs, including designs of residential houses. BD Design is wholly owned by one (1) member, Brad Tilma, who is a Michigan resident.

8. Defendant Tilma is an individual residing in Byron Center, Michigan, who is the owner, officer, director, manager, member, and/or principal of the entity Defendants identified in paragraph 5 herein.

9. Defendant Franks is an individual residing at 2883 Coppergrove Drive, NE, Grand Rapids, Michigan 49525.

## **GENERAL ALLEGATIONS**

10. 42 North incorporates by reference paragraphs 1 through 9 as though the same were fully set forth herein.

11. On are around October 20, 2017, 42 North and Defendant Franks entered into an Agreement pursuant to which Franks hired 42 North create a custom residential design for a home to be built at 2926 Pettis Avenue, NE, Ada, Michigan 49301.

12. Pursuant to the terms of the Agreement, the parties agreed that:

   a. Franks would compensate 42 North for its services rendered under the Agreement (*see* Ex. 1, Agreement, Article 3);

   b. In the event of any termination of the Agreement by Franks, 42 North would be paid within seven (7) calendar days of any such termination (*see* Ex. 1, Agreement ¶ 3.3);

   c. 42 North retained ownership of all reports, drawings, plans, specifications, electronic files, field data, notes and other documents or instruments prepared by 42 North in its provision of the Services and any additional services (*see* Ex. 1, Agreement ¶ 5.2);

  d. 42 North retained ownership of all common law, statutory and other reserved rights, including, without limitation, all copyrights thereto (*see* Ex. 1, Agreement ¶ 5.2);

  e. Franks would pay and reimburse 42 North for any and all costs and expenses, including reasonable attorney's fees, incurred by 42 North in its enforcement of the Agreement, including but not limited to the collection of any amounts owed (*see* Ex. 1, Agreement ¶ 6); and

  f. Franks would pay all costs and expenses, including reasonable attorney's fees, incurred by 42 North in enforcing the provisions of the Agreement or in recovering any claims or damages arising from a breach of the Agreement (*see* Ex. 1, Agreement ¶ 7.10).

13. Pursuant to the Agreement, the custom design was to take place in the following four (4) phases: (1) Pre-Design Meeting; (2) Schematic Design; (3) Construction Drawing; and (4) Lighting/Power Plan Services. (*See* Ex. 1, Agreement, ¶ 1.2).

14. 42 North fully performed it obligations under the Agreement through both the Pre-Design Meeting and Schematic Design phases and approximately halfway through the Construction Drawing phase.

15. At a meeting on or about May 11, 2018, 42 North presented its initial design including floor plans, elevations, and renderings to Franks.

16. During and subsequent to the May 11, 2018 meeting, Franks expressed her approval and excitement with the design.

17. On or about June 13, 2018, after 42 North performed additional services under the Agreement, revised floor plans, elevations, and renderings were again provided to Franks.

18. Following that June 13, 2018 meeting, 42 North continued to provide services under the Agreement, including but not limited to creating technical drawings, working with and providing plans and models of the design to engineering firms and renderers.

19. On or about June 25, 2018, Franks notified 42 North via email that she was terminating the Agreement.

20. As of the June 25, 2018 termination date, the amount owed for services provided pursuant to the Agreement totaled Fourteen Thousand Sixty-Five Dollars and Fifty Cents ($14,065.50).

21. 42 North is the sole original author and owner of the architectural works that were provided under the parties Agreement (hereinafter collectively referred to as the "Copyrighted Works").

22. A true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for 42 North's "Franks Residence Plans" is attached hereto as Exhibit 2.

23. On or around November 2, 2018, 42 North first became aware that the Defendants may have violated their copyrights in one or more distinct ways.  Upon investigation, 42 North saw an infringement of their Copyrighted Works on Defendant BD Design's social media page and preserved the image by making screen captures.  Copies of those screen captures are attached hereto as Exhibit 3.

24. Upon information and belief, Franks hired Defendant BD Design after terminating the Agreement with 42 North.

25. Defendant Franks received copies of the Copyrighted Works from 42 North.

26. Upon information and belief, Defendant Franks provided copies of the Copyrighted Works to BD Design.

27. On or about July 24, 2019, Defendant BD Design submitted plans to the Township of Ada for the construction of a residential home at 2926 Pettis Avenue, NE, Ada, Michigan 49301. The plans submitted by BD Design infringe on Plaintiff's copyrighted Works.

28. Upon information and belief, Defendants provided additional copies of the Copyrighted Works and/or infringing design plans to others, including but not limited to contractors, subcontractors, building inspectors, and municipalities and agencies for purposes of obtaining building permits.

29. Upon information and belief, Defendants have started construction on a residence at 2926 Pettis Avenue, NE, Ada, Michigan 49301 based on the infringing plans submitted to the Township of Ada. Any such three-dimensional copy constructed by Defendants above constitutes an additional derivative work infringing Plaintiff's copyright-protected works in violation of 17 U.S.C. §§106(2) and 501.

30. In addition to posting infringing copies of 42 North's copyright protected works on Defendant BD Design's social media page for purposes of advertising, marketing and/or promotion, on information and belief, one or more of the Defendants, had a financial interest in the infringing activities, and/or realized profit attributable to infringing activities, including but not limited to the construction of a three-dimensional infringing copy (house) of the Copyrighted Works.

31. Inasmuch as Tilma was the principal and/or manager of the corporate entities identified in paragraph 7 herein, and/or otherwise had control of those entities at the time Defendants infringed 42 North's works – and because Tilma was the individual who received copies of 42 North's copyrighted work – Tilma had knowledge of the infringing activities and/or had a financial interest and/or benefited there from by providing design, real estate, development,

management, appraisal, advertising, marketing, sales and/or other services in furtherance of Defendants' design, marketing, construction, and/or sale of said infringing house.

32. The conduct of the entity Defendants as described above, was performed and/or accomplished through the direction, control and conduct of Tilma personally, as member, owner, officer, director and/or manager of the entity Defendants. Tilma had the right and ability to supervise the infringing activities, including but not limited to preventing the entity Defendants from infringing 42 North's works, and/or stopping the infringements once they began. Additionally, on information and belief, Tilma received pecuniary benefit from the acts of infringement by the entity Defendants. Accordingly, Tilma is personally liable to 42 North as a joint and/or contributory infringer, or is otherwise vicariously liable.

33. The illicit acts of the Defendants, as set forth more fully above were done without permission or license from 42 North, and are in violation of 42 North's exclusive copyrights in the Copyrighted Works.

34. Defendants may have infringed 42 North's copyrights in other original architectural works, the scope and breadth of which infringing activities will be ascertained during the course of and through the discovery process.

## CAUSES OF ACTION FOR WILLFUL COPYRIGHT INFRINGEMENT

### COUNT I

35. 42 North incorporates by reference paragraphs 1 through 34 as though the same were fully set forth herein.

36. Defendants willfully infringed 42 North's copyrights in one or more of 42 North's works identified and described in paragraphs 21 through 22 above by scanning, copying, and/or

reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and upon information and belief may have done so with others of 42 North's works which are as yet undiscovered.

## COUNT II

37. 42 North incorporates by reference paragraphs 1 through 36 as though the same were fully set forth herein.

38. Defendants willfully infringed 42 North's copyrights in one or more of 42 North's works identified and described in paragraphs 21 through 22 above by publicly displaying, on their social media and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and upon information and belief, have done so with others of 42 North's works which are as yet undiscovered.

## COUNT III

39. 42 North incorporates by reference paragraphs 1 through 38 as though the same were fully set forth herein.

40. Defendants willfully infringed 42 North's copyrights in one or more of 42 North's works identified and described in paragraphs 21 through 22 above by creating derivatives there from in the form of two dimensional plans and is in the process of constructing a residence in violation of 17 U.S.C. §106(2), and upon information and belief, have done so with others of 42 North's works which are as yet undiscovered.

## COUNT IV

41. 42 North incorporates by reference paragraphs 1 through 40 as though the same were fully set forth herein.

42. Defendants willfully infringed 42 North's copyrights in one or more of 42 North's works identified and described in paragraphs 21 through 22 above by advertising, marketing and/or

selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and upon information and belief, have done so with others of 42 North's works which are as yet undiscovered.

## ALTERNATIVE CAUSES OF ACTION FOR NON-WILLFUL COPYRIGHT INFRINGEMENT

## COUNT V

43. 42 North incorporates by reference paragraphs 1 through 42 as though the same were fully set forth herein.

44. Alternatively, Defendants, without knowledge or intent, infringed 42 North's copyrights in one or more of 42 North's works identified and described in paragraphs 21 through 22 above, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and upon information and belief, have done so with others of 42 North's works which are as yet undiscovered.

## COUNT VI

45. 42 North incorporates by reference paragraphs 1 through 44 as though the same were fully set forth herein.

46. Alternatively, Defendants, without knowledge or intent, infringed 42 North's copyrights in one or more of 42 North's works identified and described in paragraphs 21 through 22 above by publicly displaying, on their social media and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and upon information and belief, have done so with others of 42 North's works which are as yet undiscovered.

## COUNT VII

47. 42 North incorporates by reference paragraphs 1 through 46 as though the same were fully set forth herein.

48. Alternatively, Defendants, without knowledge or intent, infringed 42 North's copyrights in one or more of 42 North's works identified and described in paragraphs 21 through 22 above by creating derivatives of Plaintiff's works in the form of two dimensional plans and is in the process of constructing a residence, in violation of 17 U.S.C. §106(2), and upon information and belief, have done so with others of 42 North's works which are as yet undiscovered.

## COUNT VIII

49. 42 North incorporates by reference paragraphs 1 through 48 as though the same were fully set forth herein.

50. Alternatively, Defendants, without knowledge or intent, infringed on one or more of 42 North's copyrighted works identified and described in paragraphs 21 through 22 above by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and upon information and belief, have done so with others of 42 North's works which are as yet undiscovered.

## VIOLATIONS OF DMCA § 1202

## COUNT IX

51. 42 North incorporates by reference paragraphs 1 through 50 as though the same were fully set forth herein.

52. Additionally and alternatively, one or more of the Defendants violated §1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202.

53.     In creating the drawings identified above, one or more of said Defendants intentionally removed and/or omitted 42 North's copyright management information, or had them removed and/or omitted from copies of 42 North's works.

54.     One or more of the Defendants thereafter distributed copies and/or derivatives of such works, knowing that such copyright management information had been removed and/or omitted without authorization.

55.     At the time said Defendants removed and/or omitted 42 North's copyright management information from copies of the works, and at the time Defendants distributed copies of the works from which the copyright management information had been removed and/or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal the infringement of 42 North's copyrighted works.

56.     42 North is entitled and seeks to recover from Defendants statutory damages not exceeding $25,000 for each act committed in violation of their rights under 17 U.S.C. §1202, *et seq*.

57.     Pursuant to 17 U.S.C. §1203(b)(5), 42 NORTH is entitled to and seeks to recover their reasonable attorneys' fees.

**BREACH OF CONTRACT**
**(Defendant Franks)**

**COUNT X**

58.     42 North incorporates by reference paragraphs 1 through 57 as though the same were fully set forth herein.

59.     On are around October 20, 2017, 42 North and Defendant Franks entered into an Agreement pursuant to which Franks hired 42 North create a custom residential design for a home to be built at 2926 Pettis Avenue, NE, Ada, Michigan 49301.

60. Pursuant to the terms of the Agreement, the parties agreed that:

   a. Franks would compensate 42 North for its services rendered under the Agreement (*see* Ex. 1, Agreement, Article 3);

   b. In the event of any termination of the Agreement by Franks, 42 North would be paid within seven (7) calendar days of any such termination (*see* Ex. 1, Agreement ¶ 3.3);

   c. 42 North retained ownership of all reports, drawings, plans, specifications, electronic files, field data, notes and other documents or instruments prepared by 42 North in its provision of the Services and any additional services (*see* Ex. 1, Agreement ¶ 5.2);

   d. 42 North retained ownership of all common law, statutory and other reserved rights, including, without limitation, all copyrights thereto (*see* Ex. 1, Agreement ¶ 5.2);

   e. Franks would pay and reimburse 42 North for any and all costs and expenses, including reasonable attorney's fees, incurred by 42 North in its enforcement of the Agreement, including but not limited to the collection of any amounts owed (*see* Ex. 1, Agreement ¶ 6); and

   f. Franks would pay all costs and expenses, including reasonable attorney's fees, incurred by 42 North in enforcing the provisions of the Agreement or in recovering any claims or damages arising from a breach of the Agreement (*see* Ex. 1, Agreement ¶ 7.10).

61. 42 North fully performed its obligations pursuant to the parties' Agreement until such time as the Agreement was terminated by Franks.

62. Franks breached the parties' Agreement by failing to pay the amount due for services rendered.

63. As a direct and proximate result of Franks' breach of the Agreement, Plaintiff 42 North has been damaged.

WHEREFORE, Plaintiff, 42 North, respectfully requests that this Court enter a judgment in their favor and against Defendant Franks in the amount consistent with the proofs submitted at trial, plus additional costs, interest, and attorney fees, as well as awarding such additional legal and equitable relief as this Court deems appropriate.

## **RELIEF REQUESTED**

WHEREFORE, in addition to and without limiting any of the remedies sought and described above, 42 North is entitled to and respectfully requests that a judgment be entered in its favor and against the Defendants jointly and severally, ordering the following additional relief:

A. An accounting by Defendants of their activities in connection with their infringements of 42 North's copyright in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);

B. An award of 42 North's actual damages, in an amount to be determined at trial;

C. For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the construction, advertising, promotion, marketing, appraisal and sale of infringing structures in an amount to be determined at trial;

D. In the alternative, at 42 North's option, an award of statutory damages in lieu of actual damages for the infringement of any one or more of its works described above, in an amount to be determined at trial;

E. An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. §1202, *et seq.*;

F. An award of 42 North's actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

G. For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing 42 North's copyright in any manner whatsoever, including the advertising, marketing, construction, and/or sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of 42 North's copyright, plans and/or derivatives thereof;

H. An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe 42 North's copyright, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

I. An order permanently enjoining the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; *and*

J. For such other relief as the Court determines to be just and equitable.

## JURY DEMAND

Plaintiff, 42 North, LLC, demands its constitutional right to trial by jury.

**HALVAS LAW FIRM, PLLC**
Attorneys for Plaintiff

Dated:   March 3, 2020

By: /s/ Aaron M. Halvas
_____
Aaron M. Halvas (P63424)

**BUSINESS ADDRESS & TELEPHONE:**
2153 Wealthy Street, S.E., Ste. 244
East Grand Rapids, MI  49506
(616) 295-6471